UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WAYNE HANCARIK,

                         Plaintiff,

    -against-

COUNTY OF DELAWARE,
C.O. THAD BARNES and
SGT. IVAN BRKARIC,

                         Defendants.

Civil No.: 9:23-cv-01470
(LEK/MJK)

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION

Thomas J. Murphy, Esq. declares under penalty of perjury as follows:

1.     The Defendants' reply to Plaintiff's response in opposition to Defendants' motion to dismiss is as follows:

2.     In their original complaint, nor in their basis of opposing defendants' motion to dismiss, Plaintiff's counsel did not provide any credible basis for the inclusion of Sgt. Ivan Brkaric as a defendant in this lawsuit.

3.     I am enclosing a copy of the pretrial deposition transcript of Sgt. Ivan Brkaric which was taken by plaintiff's counsel on April 23, 2025. This will be marked as defendants' **Exhibit A**.

4.     In his affidavit, Defendant Brkaric was not present during the incident which forms the basis of this lawsuit (Page 9, Lines 13 to 19). He stated that he did respond to a call on the radio for assistance (Page 10, Lines 3 to 11). On page 10, lines 18 to 25, he explains that he went to the housing unit and Mr. Hancarik was already seated and he spoke with the Sergeant.

5.     On page 11, Lines 1 to 25, he indicates that he spoke with Sergeant Biggar who was in charge of the housing unit where the plaintiff was attacked. Sgt. Brkaric explained that his assignment

1

is as an assistant to the jail administrator. On page 12, Lines 5 to 19 Brkaric states that Sgt. Biggar was in charge.

6. Despite knowing this, plaintiff's counsel named Sgt. Brkaric as a defendant in the lawsuit even though he had no command responsibility in the housing unit, Pod C, on the date of the incident.

7. Sgt. Brkaric also explained that on the date of the incident, September 22, 2022, closed custody inmates were allowed out of their cells, and it was changed after the incident (Page 13, Lines 12 to 25, and Page 14, Lines 2 to 22.)

8. Sgt. Brkaric has no place in this lawsuit, he did not breach any duty owed to plaintiff Hancarik.

9. Plaintiff, in his responding papers, lists as Exhibit 11, the sworn declaration of Daquan Dowdell, one of plaintiff's assailants.

10. It is titled 'Declaration of Daquan Dowdell' and it is dated 12-17-25. It was filed as page 1 of 1. It is not notarized and no address for Dowdell is listed in this non-sworn declaration.

11. In the declaration, Dowdell states that the night before the attack on 09-22-22, there was a loud violent argument between closed custody inmates and inmates in C-Pod who were not housed in the cage. He does not list any names to include himself, Rashawn Wynn, the other assailant or the plaintiff.

12. In paragraph #3, he makes the purely speculative statement "based on what happened the night before, I believe that it was obvious to everyone who saw Hancarik being escorted into the cage area on the morning of September 22, 2022, that he would be attacked as soon as he entered the area.

13. I am including the 50-h hearing transcript of the plaintiff Wayne Hancarik, Jr. as **Exhibit B**. It was taken by me on February 27, 2023.

2

14.     On page 16, I asked him if he knew who attacked him and the plaintiff said that he did not know who attacked him (Page 16, line 7 to 25). He said that he did not know them and had never seen them, didn't know their names. I stated that it is reported that there were two persons involved in the incident. One was a person by the name of Rayshawn Wynn. I asked the plaintiff, "Do you know Rayshawn Wynn?" He said, "No, I didn't know who he was. I talked to him after the incident and that he (Wynn) apologized." Continuing on page 17, he said that Wynn said it was a miscommunication. On Line 12, I asked the plaintiff if he explained why Wynn hit him, and he said he did not ask.

15.     On page 22, I asked if this incident occurred without prior warning and the plaintiff said yes. On page 29, Line 2, I asked Hancarik, "Now, prior to the incident of September 22, 2022, did you know either of those people? Dowdell or Wynn? Did you know them at all?" The Plaintiff responded no on line 5.

16.     The question begs, why did Wynn and Dowdell attack Hancarik if they had no prior contact with him?

17.     How does that question relate to Dowdell's sworn declaration? Answer, it does not, it appears as though someone is lying.

18.     Another question is why didn't Hancarik sue Wynn and Dowdell? There was proof positive that they attacked him. Obviously they were not sued but Sgt. Brkaric was sued even though he had nothing to do with the incident in terms of his assignment as an assistant to a jail administrator. There is no evidence in the record that he instituted any rules, regulations, or policies which were in use on 9-22-22 by the Delaware County Sheriff's Dept.

19.     Why was C.O. Thad Barnes sued? The record is clear that he broke up the attack on the plaintiff even thought the rules and regulations require that corrections officers are not supposed to break up fights unless two officers are present. C.O.Barnes intervention lessened the injuries which

3

the plaintiff's assailant (Dowdell) intended to administer. C.O.Barnes was not written up for any violations of the Delaware County Sheriff's Department rules and regulations.

20.     In summary, none of the named defendants breached a duty to the plaintiff.

Dated: February 27, 2026
        Syracuse NY

Respectfully Submitted,

_____
Thomas J. Murphy, Esq.
Bar Roll No.: 102248

Sworn to before me this **27**
Day of February, 2026

_____
NOTARY PUBLIC

CATHERINE E. GERSON
Notary Public, State of New York
No. 01GE6367156, Reg. in Onondaga Co.
Commission Expires Nov. 13. 20 29

4

4902-9447-8202, v. 1