UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WAYNE HANCARIK,

                Plaintiff,

-against-                                 9:23-CV-1470 (LEK/MJK)

COUNTY OF DELAWARE
C.O. THAD BARNES, AND
SGT. IVAN BRKARIC

                Defendants.

_____

### DECISION AND ORDER

On November 14, 2025, Defendants Thad Barnes, Ivan Brkaric, and County of Delaware

("Defendants") filed a Motion for Summary Judgment.[1] Dkt. No. 30-9 ("Motion"). On February

13, 2026, Plaintiff filed a response. Dkt. No. 37-13 ("Response"). On February 27, 2026,

Defendants filed a reply. Dkt. No. 38 ("Reply"). For the reasons that follow, Defendants' Motion

is denied.

Local Rule 56.1(a) states:

Any motion for summary judgment shall contain a separate Statement of Material Facts. The Statement of Material Facts shall set forth, in numbered paragraphs, a short and concise statement of each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. . . . Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.

N.D.N.Y. L.R. 56.1(a) (emphasis in original). "The Local Rules are not 'empty

---

[1] Defendants have labeled their motion as a Rule 12(b)(6) motion to dismiss. *See* Dkt. No. 30 ("Notice of Motion"). However, as Defendants' legal arguments pertain to summary judgment, the Court will treat the Motion as a Motion for Summary Judgment. *See* Mot. at 3–4.

1

formalities,' and courts within this District have routinely denied a party's motion for summary judgment based on their failure to file a Statement of Material Facts." *Heyliger v. West*, No. 918CV336TJMTWD, 2021 WL 5605231, at *1 (N.D.N.Y. Nov. 2, 2021), *report and recommendation adopted*, No. 918CV336TJMTWD, 2021 WL 5585929 (N.D.N.Y. Nov. 30, 2021); *see also Hogan v. CVS Albany, LLC*, No. 119CV1455GLSDJS, 2022 WL 4549224, at *2 (N.D.N.Y. Sept. 29, 2022) (Noting that "[b]ecause plaintiffs failed to submit a complete and separate statement of material facts in compliance with Local Rules 7.1(b) and 56.1(a), their motion for partial summary judgment must be denied"). Failure to adhere to the Rules regarding the Statement of Material Facts is unfair to the other party, "which has a right to know the factual bases of its opponent's case and the specific foundations for those assertions of fact." *Jackson v. Broome Cnty. Corr. Facility*, 194 F.R.D. 436, 437 (N.D.N.Y. 2000). Indeed, the failure to submit a Statement of Material Facts is "adverse to the conservation of judicial resources, which are most efficiently deployed when the parties fulfill their adversarial functions in a rigorously organized, coherent fashion." *Id.*

Defendants' Memorandum of Law contains a part labeled "Statement of Material Facts About Which There Is Not Dispute." Mot. at 1–3. The part is not numbered. *See id.* Not all claims are followed by an immediate citation to the record. *See, e.g.*, *id.* at 3 ("Simultaneously, inmate Dowdell began hitting Hancarik in the head. C.O. Barnes threatened inmate Dowdell to lock in and began to show pepper spray. Within, four seconds C.O. Barnes deescalated the assault and both inmates returned to their cells."). The part is contained within the Memorandum of Law, rather than attached as a separate document. *See id*; Dkt. No. 30.

Defendants' purported Statement of Material Facts is therefore not "separate" and in "numbered paragraphs," and does not uniformly contain a "specific citation to the record where

the fact is established." *Compare* N.D.N.Y. L.R. 56.1(a) *with* Mot. at 1–3. Therefore,

Defendants' Motion is denied.

*Sua sponte*, this Court grants Defendants leave to file a second Motion for Summary

Judgment, if they choose to do so. Defendants shall have until July 27, 2026 to file the motion.

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion is **DENIED**; and it is further

**ORDERED**, that Defendants **shall have until July 27, 2026 to file a second Motion for**

**Summary Judgment**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in

accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:       June 29, 2026
             Albany, New York

LAWRENCE E. KAHN
United States District Judge

3